SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
jchadwick@sheppardmullin.com
THAYER M. PREECE, Cal. Bar No. 241824
tpreece@sheppardmullin.com
990 Marsh Road
Menlo Park, California  94025
Telephone:    650-815-2600
Facsimile:     650-815-2601

Attorneys for Plaintiff BRIGHT IMPERIAL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT IMPERIAL LTD., <br><br>           Plaintiff, <br><br>     v. <br><br> DOES 1 through 20, inclusive, <br><br>           Defendants. | Case No. 09 03799 RS <br><br> **PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND RELATED OBLIGATIONS** <br><br> **[CIVIL LOCAL RULE 7-11]** <br><br> Judge:        The Honorable Richard Seeborg |

## INTRODUCTION

Pursuant to Rule 7-11 of the Civil Local Rules, plaintiff Bright Imperial Ltd. ("Bright" or "Plaintiff") respectfully requests the Court to issue an administrative order: (1) continuing the Case Management Conference ("CMC"), currently set for December 16, 2009, until February 19, 2010; and (2) continuing the deadline to exchange initial disclosures and to file a joint case management statement until February 12, 2010.

A brief continuance will permit Plaintiff to continue its efforts to identify and serve the Defendants.

## BACKGROUND FACTS

1.  On August 18, 2009, Bright filed this case in response to acts of computer fraud and hacking by unknown defendants engaged in an attempt to damage Plaintiff's business. Defendants illegally obtained confidential account information belonging to Plaintiff that was created for the purpose of restricting access to Plaintiff's domain name server ("DNS") account, illegally accessed Plaintiff's DNS account, and manipulated Plaintiff's DNS account so that servers worldwide would direct persons seeking to view Plaintiff's website to a different website. Until the attack was rectified, Plaintiff's website and services could not be accessed or viewed.

2.  Defendants took numerous precautions to prevent Bright from determining their identities. As set forth in the accompanying declaration, despite rigorous ongoing efforts, Bright has been unable to identify Defendants in order to serve them a copy of the Complaint.

3.  The attack left a unique digital signature (an internet protocol address) indicating that Defendants accessed Bright's DNS account through the internet service provider AT&T. On September 11, 2009, Bright issued a subpoena to AT&T requesting the account information for the account making use of the internet protocol address obtained by Bright.

1  4. On October 5, 2009, Bright received a response from AT&T that identified a small business in Michigan as the account holder.  Bright contacted the business in question and after serving a subpoena on that business, conducted an investigation of the business' computer hard drives.  The investigator determined that the business was also a victim of Defendants, who had made use of vulnerabilities in the business' computer that allowed Defendants to deposit malicious software on that computer and then used the computer to access other websites, including Bright's DNS account.  However, the information on the hard drive did not identify who had illegally accessed the computer and used it to attack Bright.

5. On November 6, 2009, Bright issued a subpoena on Google, Inc. to obtain information regarding the identity of Defendants.  Bright does not expect a response to that subpoena until November 30, 2009 at the earliest, and a response likely will not be received until some time after that.  If Google, Inc. can provide information related to the Defendants then additional investigation will likely be required.

## DISCUSSION

Until Defendants are identified, Bright will be unable to comply with its obligations under F.R.C.P. 26 and Civil L.R. 16.  As discussed above, Bright has expended and continues to expend considerable resources in an effort to expedite the service of process.  However, Defendants have gone to great lenghts to prevent Bright from discovering their identity.  Bright asks that it be afforded the opportunity to conclude its ongoing investigations and serve Defendants before proceeding with a CMC.  Bright also seeks a continuance of the deadline to exchange initial disclosures and file a joint case management conference statement.  Without a continuance, Bright will be unable to comply with its obligations under the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue an administrative order: (1) continuing the CMC, currently set for December 16, 2009, until February 19, 2010; and (2) continuing the deadline to exchange initial disclosures and to file a joint case management report until February 12, 2010.

Dated:  November 19, 2009         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        /s/
JAMES CHADWICK
THAYER PREECE
Attorneys for Bright Imperial Ltd.

# DECLARATION OF THAYER PREECE

I, Thayer Preece, hereby declare as follows:

1. I am an attorney with the law firm of Sheppard Mullin Richter & Hampton LLP, attorneys of record for Bright Imperial Ltd. ("Bright"). I have personal knowledge of the following matters, and if called as a witness I could and would testify thereto.

2. I have been responsible for coordinating Bright's efforts to determine the identities of the Doe defendants in this action.

3. On September 11, 2009, Bright issued a subpoena upon AT&T requesting the account information for the account making use of the internet protocol address obtained by Bright from Network Solutions.

4. On October 5, 2009, Bright received a response from AT&T that identified a small business in Michigan as the account holder.

5. In the first week of October, I contacted the owner of the business identified by AT&T in order to determine its involvement with the attack on Bright. A subpoena was served on the business on October 6, 2009. After receiving the subpoena, the business owners agreed to provide Bright with a copy of its hard drive for further investigation.

6. On or about October 13, 2009, Bright obtained a copy of the hard drive and hired an investigator to inspect its contents. The hard drive contained malicious software that would permit a third party to take control of the computer, and evidence that the computer had been used to access Bright's password-protected account at the registrar of its primary domain name, Network Solutions, Inc. However, the identity of whomever had used the computer to access that account could not be determined from the information residing on the computer hard drive.

7. On November 6, 2009, Bright issued a subpoena on Google, Inc. in order to obtain additional information regarding the identity of Defendants. Google, Inc. is not obligated to respond to that subpoena until November 30, 2009, and it make take sometime longer than that to obtain a response.

1     8.    Bright has been diligently pursuing the information available to it in order to identify the Does defendants, but has not yet been able to do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This Declaration was executed on November 19, 2009.

                                          /s/
                                    THAYER M. PREECE