IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BRIGHT IMPERIAL LTD.,      No. C 09-03799 RS

    Plaintiff,

v.      **ORDER RE: MOTION FOR EXPEDITED DISCOVERY**

DOES 1 through 20,

    Defendants.
_____/

In August 2009, plaintiff Bright Imperial, Ltd. ("BIL") filed a complaint against 20 unnamed defendants, alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, as well as unfair competition and other state law claims. BIL, which operates an adult entertainment website called redtube.com, averred that unknown persons, without permission, altered the DNS Name servers associated with BIL's registered domain name. As a result, BIL claimed that users attempting to access redtube.com were, for a period of time, directed to another website unaffiliated with BIL. According to BIL, the DNS Name server change substantially damaged its business and caused it to lose millions of visits by its customers. The identities of the alleged hackers, however, remain unknown to BIL.

BIL has now filed the instant motion, which seeks permission to serve subpoenas requiring the production of documents and deposition testimony sufficient to identify the Doe defendants.

BIL recognizes that, ordinarily under Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Nonetheless, Rule 26 does allow for courts to make exceptions to this rule in limited instances, which BIL contends apply here.

While the Ninth Circuit has held that, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored," it has nonetheless recognized that in certain situations the identity of the alleged defendants cannot be known prior to the filing of a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). On such occasions, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." In this case, BIL has made a preliminary showing that it is entitled to expedited discovery under *Gillespie*. Moreover, BIL has cited several instances from this Circuit in which district courts have granted expedited discovery requests similar to this one. *E.g.*, Order of August 23, 2007, *Arista Records LLC, et al. v. Does 1-16*, No. 07-1641 (E.D. Cal. 2007); Order of April 23, 2007, *Sony BMG Music Entertainment, et al. v. Does 1-6*, No. 3:07-CV-00581 (S.D. Cal. 2007); Order of May 14, 2004, *UMG Recordings, Inc. v. Does 1-2*, No. C 04-0960 (W.D. Wash. 2004).

The orders in these cases, however, differ in one significant respect from the relief requested here: they permit the moving plaintiffs to engage in expedited discovery by subpoenaing a specific, named entity. In *Arista Records*, that entity was the University of California, Davis; in *Sony BMG Music Entertainment*, it was SBC Internet Services, Inc.; and in *UMG Recordings*, it was Microsoft Corporation. The instant motion, by contrast, contains no such limitation; rather, it effectively requests an open subpoena power. BIL is accordingly directed to provide the Court with a proposed order containing the name(s) of the specific entity or entities it desires to subpoena. Any such proposed order should be filed no later than ten (10) days from the entry of this order.

IT IS SO ORDERED.

Dated: 02/22/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE